UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRAVELHOST, INC., a corporation,  )
                                   )
        Plaintiff,                 )
                                   )   CIVIL ACTION NO.
VS.                                )
                                   )   3:11-CV-0456-G
TRENT MODGLIN, ET AL.,             )
                                   )
        Defendants.                )

## MEMORANDUM OPINION AND ORDER

This court is required to exercise the basis for its subject matter jurisdiction, on its own motion if necessary. *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Diversity of citizenship is alleged as the basis for subject matter jurisdiction in this case. Complaint ¶ 4. The plaintiff is alleged to be a Texas corporation with its principal place of business in Texas. *Id*. ¶ 1. The defendant Real Chicago Publishing, LLC is alleged to be a limited liability company existing under the laws of Illinois with its principal place of business in Illinois. *Id*. ¶ 2. The defendant Trent Modglin ("Modglin") is alleged to be a resident of Illinois. *Id*. ¶ 3.

Diversity of citizenship jurisdiction requires that the citizenship of the plaintiff must be different from the citizenship of each defendant. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Generally, the citizenship of artificial entities other than

corporations is determined by the citizenship of their members. See *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). This rule applies to limited liability companies such as the defendant Real Chicago Publishing. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). With the information provided in the plaintiff's complaint, the court cannot tell if the plaintiff's citizenship is diverse from the defendant Real Chicago Publishing.

Also, the allegation of residence for the defendant Modglin is not sufficient as an allegation of his citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) ("an allegation of residency does not satisfy the allegation of citizenship"). In consequence, the court cannot tell if the plaintiff's citizenship is diverse from the defendant Modglin.

Within ten days of this date, the plaintiff shall file and serve an amended complaint alleging the citizenship of Modglin as well as the names and citizenship of all members of the defendant Real Chicago Publishing. Failure to timely file and serve such an amended complaint will result in dismissal of this case without further notice.

**SO ORDERED**.

March 9, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**