UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAVELHOST, INC., a corporation,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | CIVIL ACTION NO. |
| VS.    ) | |
| ) | 3:11-CV-0456-G |
| TRENT MODGLIN, ET AL.,    ) | |
| ) | |
| Defendants.    ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are four motions.  The plaintiff, Travelhost Inc. ("Travelhost"), produces magazines, publications, and online products and services designed to help travelers.  First Amended Complaint ("Complaint") ¶ 7 (docket entry 5).  The defendants, Trent Modglin ("Modglin") and The Real Chicago Publishing LLC ("RCP"), entered into a contract with Travelhost regarding a magazine for travelers in downtown Chicago, Illinois.  *Id*.  Modglin is the sole member of RCP.  *Id*. ¶ 2.  For the reasons set forth below, (1) Travelhost's motion to strike Modglin's counterclaim is denied; (2) Travelhost's motion to dismiss Modglin's counterclaim is granted; (3) Travelhost's motion to strike Modglin's and RCP's

response to its motion for default judgment is granted; and (4) Travelhost's motion for default judgment on monetary damages against RCP is granted.

## I. BACKGROUND

On November 30, 2007, Travelhost and RCP entered into a Distributorship Agreement and an Optional Associate Publisher Agreement. Complaint ¶ 10. Under this agreement, RCP would receive 15,000 copies of the downtown Chicago local edition of the Travelhost magazine. *Id*. RCP was obligated to use its best efforts to distribute the publication and to sell advertising within the downtown Chicago. *Id*. Under the auspices of the agreement, the defendants solicited local businesses to advertise in the downtown Chicago magazine. *Id*. ¶ 13. The defendants also entered into distributorship agreements with hotels and motels that would place issues of the magazine in their guest rooms. *Id*.

Between late 2007 and late 2009, the defendants distributed eight issues of the magazine. *Id*. ¶ 14. The defendants received 100% of all of the local advertising revenues generated from this distribution. *Id*. However, shortly after the distribution of the September-November 2009 issue, Travelhost alleges, Modglin began distributing, and selling advertising space for, a new publication called "The REAL Chicago." *Id*. ¶ 16. Travelhost argues that this publication is a direct competitor with the Travelhost magazine, and that the defendants are in breach of the non-compete agreement in their contracts. *Id*. Travelhost also argues that RCP has failed

to purchase and distribute any other issues of the downtown Chicago magazine, as required by the contracts. *Id*. ¶ 20.

On March 4, 2011, Travelhost filed this suit against RCP and Modglin. On March 10, 2011, Travelhost filed its first amended complaint. *Id*. at 1. In this complaint, Travelhost has brought claims for breach of contract, temporary and permanent injunctive relief, a constructive trust, an accounting, and attorney's fees. *Id*. ¶¶ 23-45. Modglin filed an answer to the suit on September 7, 2011. Defendant' Original Answer ("Answer") at 1 (docket entry 17). However, RCP never "filed an answer and [showed] no indication that it intends to defend the claims in plaintiff's first amended complaint." Order Granting Permanent Injunction by Default ("Order") at 1 (docket entry 25). As a result, the court granted Travelhost's motion for permanent injunction by default against RCP. *Id*. at 5-8.

## II. ANALYSIS

### A. Modglin's Counterclaim Against Travelhost

On September 28, 2011, Modglin filed an unsigned counterclaim against Travelhost. Counterclaim by Defendant ("First Counterclaim") at 1 (docket entry 24). Travelhost has filed both a motion to strike and a motion to dismiss Modglin's counterclaim. Travelhost's Motion to Strike Counter-Plaintiff's Counterclaim and Brief in Support ("Motion to Strike Counterclaim") at 1 (docket entry 30); Travelhost's Motion to Dismiss Counter-Plaintiff's Claims Pursuant to Rule 12(b)(6)

and Brief in Suport ("Motion to Dismiss Counterclaim") at 1 (docket entry 31). Modglin has since filed the same counterclaim, which now includes his signature at the end of the document. Counterclaim by Defendant ("Signed Counterclaim") at 5 (docket entry 32). However, this new document does not contain his address, e-mail address, or telephone number. *Id*.

In its motion to strike Modglin's counterclaim, Travelhost argues that the counterclaim does not comply with Federal Rule of Civil Procedure 11(a). Rule 11(a) requires that every pleading must be signed by an attorney or a pro se party, and that it must state the signer's address, e-mail address, and telephone number. Rule 11(a) also states that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Because Modglin submitted a signed counterclaim, Travelhost's motion to strike is denied.

In its motion to dismiss the counterclaim, Travelhost argues that Modglin does not have standing to pursue any of these claims against Travelhost. Instead, RCP is the party that would have standing to bring a counterclaim against Travelhost, since it is the party that entered into the contracts with Travelhost. While Modglin did sign the contracts, it was solely in his capacity as a member of the limited liability company RCP. The only way in which Modglin is personally bound by these contracts is under Addendum A, where Modglin agreed that the non-compete clause would be personally binding on him. Attachment to Motion to Dismiss at 10 (docket

- 4 -

entry 31-1). As a result, Travelhost's motion to dismiss Modglin's counterclaims is granted.

      B. <u>Motion for Default Judgment on Monetary Damages Against RCP</u>

On December 27, 2011, Travelhost filed a motion for default judgment on monetary damages against RCP. Plaintiff's Request for Default Judgment against Defendant, The Real Chicago Publishing, LLC, on Monetary Damages ("Motion for Default") at 1 (docket entry 49). Modglin and RCP filed a response to the motion for default judgment. Response to Plaintiff's Request for Default Judgment against Defendant, the Real Chicago Publishing, LLC, on Monetary Damages ("Response to Motion for Default") at 1 (docket entry 50). Modglin signed this response, on behalf of both himself and RCP. Travelhost has filed a motion to strike Modglin and RCP's response. Reply to and Motion to Strike Response to Plaintiff's Request for Default Judgment Against Defendant, The Real Chicago Publishing, LLC, on Monetary Damages ("Motion to Strike Response to Motion for Default") at 1 (docket entry 51).

A corporation "cannot appear in proper person as a corporation or through its corporate officer." *Southwest Express Company v. Interstate Commerce Commission*, 670 F.2d 53, 56 (5th Cir. 1982). "It can enter an appearance in this court only through an attorney admitted to practice before this court." *Id*. Because RCP's response was

filed by Modglin, who is not an attorney, Travelhost's motion to strike must be granted.

Moreover, Travelhost's motion for default judgment on monetary damages is granted. The plaintiff shall submit a proposed order to the court no later than **March 9, 2012**. This order shall state the monetary damages it seeks from RCP.

### III. CONCLUSION

For the reasons stated above, (1) Travelhost's motion to strike Modglin's counterclaim is **DENIED**; (2) Travelhost's motion to dismiss Modglin's counterclaim is **GRANTED**; (3) Travelhost's motion to strike Modglin's and RCP's response to its motion for default judgment is **GRANTED**; and (4) Travelhost's motion for default judgment on monetary damages against RCP is **GRANTED**.

**SO ORDERED**.

February 27, 2012.

_____
**A. JOE FISH**
**Senior United States District Judge**