UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAVELHOST, INC., a corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:11-CV-0456-G |
| TRENT MODGLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiff's motion for preliminary injunction (docket entry 26).[*] For the reasons stated below, the plaintiff's motion is denied.

I. BACKGROUND

This is a non-compete dispute. The plaintiff, Travelhost Inc. ("Travelhost"), produces magazines, publications, and online products and services designed to help travelers. First Amended Complaint ("Complaint") ¶ 7 (docket entry 5). The defendants, Trent Modglin ("Modglin") and The Real Chicago Publishing LLC

---

[*] The plaintiff has also filed an objection and motion to strike portions of Modglin's response to the motion for preliminary injunction (docket entry 46). This motion is **DENIED** as moot.

("RCP"), entered into a contract with Travelhost regarding a magazine for travelers in downtown Chicago, Illinois.  *Id*.  Modglin is the sole member of RCP.  *Id*. ¶ 2.

The court has already set forth the general background in this case in its Memorandum Opinion and Order of February 27, 2012 (docket entry 73).  The following facts are those that are especially relevant to the plaintiff's motion for preliminary injunction.

On November 30, 2007, RCP entered into a contract with Travelhost.  Brief in Support of Motion for Preliminary Injunction ("Brief") at 1 (docket entry 27).  As a part of this contract, Modglin signed an addendum to the contract, in which he agreed to be personally bound by the RCP/Travelhost contract's non-compete clause.  *Id*. at 2; *see also* Appendix in Support of Plaintiff's Motion for Preliminary Injunction ("Appendix") at 15 (docket entry 28).  This non-compete clause states:

> [RCP] agrees that it will not, either directly or indirectly, engage or participate in a similar business or one competitive with [Travelhost] . . . within its Designated Area during the term of this Agreement or within two (2) years after termination of this Agreement.

Appendix at 8.

The plaintiff alleges that, at some point after the distribution of the September-November 2009 issue of the Travelhost magazine, RCP and Modglin began distribution of a competitor publication called "The REAL Chicago."  Brief at 4.  Travelhost argues that Modglin is behind the competitor publication, and

therefore is in violation of the contract addendum and the non-compete clause. *Id*. at 4-5. On February 22, 2010, Travelhost sent Modglin written notice of termination of the agreement. *Id*. at 3.

## II. ANALYSIS

In this case, Travelhost's motion for preliminary injunction is denied as moot. The plaintiff states that the Agreement was terminated by a letter on February 22, 2010. Brief at 3. Because the term of the non-compete clause was for two years, the clause is no longer in effect. "Once the non-competition period ends, the trial court's ability to enforce the covenant by injunction becomes moot." *Leon's Fine Foods, Inc. v. McClearin*, No. 05-97-01198-CV, 2000 WL 277135, at *1 (Tex. App.--Dallas 2000, pet. denied); see also *Rimes v. Club Corporation of America*, 542 S.W.2d 909, 912 (Tex. Civ. App.--Dallas, writ ref'd n.r.e.).

## III. CONCLUSION

For the reasons stated above, the plaintiff's motion for preliminary injunction is **DENIED**, and its motion to strike is **DENIED** as moot.

**SO ORDERED**.

February 29, 2012.

　　　　　　　　　　　　　　　　　　*/s/ A. Joe Fish*
　　　　　　　　　　　　　　　　　　**A. JOE FISH**
　　　　　　　　　　　　　　　　　　**Senior United States District Judge**